IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY OXENRIDER, | No. 4:21-CV-01536 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**DECEMBER 15, 2021**

Plaintiff Andy Oxenrider is currently incarcerated at the Lebanon County Prison in Lebanon, Pennsylvania. He filed the instant *pro se* Section 1983[1] action on September 7, 2021, claiming "false imprisonment" for allegedly being incarcerated past his maximum release date.[2] Because Oxenrider's complaint plainly fails to state a Section 1983 claim, the Court will dismiss the complaint but provide him the opportunity to amend.

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]  Doc. 1.

## I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[3] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[4] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[5]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[6] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[7] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[3] *See* 28 U.S.C. § 1915A(a).
[4] *Id.* § 1915A(b)(1).
[5] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[6] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[7] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[8]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[9] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[10] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[11] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[12] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

Because Oxenrider proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[14] This is particularly true when the *pro se* litigant, like Oxenrider, is incarcerated.[15]

---

[8] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[9] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[10] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[13] *Iqbal*, 556 U.S. at 681.
[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[15] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II. DISCUSSION

Oxenrider alleges that he was unlawfully detained for 233 days past his maximum release date.[16] He describes his Section 1983 claims as "false imprisonment due to illegal detainment."[17] He names as defendants the Pennsylvania Department of Corrections; the County of Schuylkill, Pennsylvania; and the Pennsylvania Board of Probation and Parole.[18] Because "false imprisonment" is a claim sounding in state tort law, the Court liberally construes Oxenrider's Section 1983 pleading as invoking federal protections under the Eighth Amendment to the United States Constitution.[19] Nevertheless, because Oxenrider has sued entities that are not "persons" within the meaning of 42 U.S.C. § 1983, and has failed to set forth allegations showing plausible *Monell*[20] liability, his constitutional tort claims cannot advance.

---

[16] Doc. 1 at 2.
[17] *Id.*
[18] *Id.*
[19] *See* U.S. CONST. amend. VIII (prohibiting cruel and unusual punishments). The United States Court of Appeals for the Third Circuit has recognized a cause of action under the Eighth Amendment for individuals detained past their scheduled release date. *See Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993); *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). To plausibly state such a claim against a prison official, the plaintiff must allege "(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. Relevant circumstances in assessing these factors are the scope of the official's duties and the role the official played in the life of the prison." *Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010) (citing *Sample*, 885 F.2d at 1110)).
[20] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).

### A. No Section 1983 Liability for Named Defendants

It is well established that, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[21]  Only "persons" are subject to suit under Section 1983; state agencies such as the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole do not qualify.[22]  The Court further notes that suing a state agency under Section 1983 is akin to suing the state itself, which raises Eleventh Amendment sovereign immunity concerns.[23]

As to Schuylkill County, such a municipal defendant can only be held liable under Section 1983 when there is a policy or custom in place that causes constitutional injury.[24]  Oxenrider has not alleged any such policy or custom in relation to his claims against Schuylkill County.

---

[21] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[22] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (explaining that a state agency may not be sued under Section 1983 because it is not a "person"); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[23] *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by eleventh amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.

[24] *Monell*, 436 U.S. at 690.

**B. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[25] The Court will grant Oxenrider leave to amend his complaint to rectify the deficiencies identified. Allegations of unlawful detention past the maximum release date are serious. Nevertheless, Oxenrider cannot move forward on such claims until he adequately identifies a potentially liable defendant or sets forth plausible allegations showing why the county could be held liable under 42 U.S.C. § 1983.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Oxenrider's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25] *Grayson*, 293 F.3d at 114.